WRIGLEY v. CITY OF WATERVLIET.   (No. 331-97.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

1. MUNICIPAL CORPORATIONS (§ 821*)—STREETS—PERSONAL INJURIES—NOTICE OF DEFECT—QUESTION FOR JURY.

Where, in an action for injuries from stepping into an open, unguarded trench, while walking on the sidewalk, it appeared that the trench was constructed under a permit from the city, the question whether the city was chargeable with notice of the dangerous condition of the street was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—STREETS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to plaintiff from stepping into an open, unguarded trench, while walking on the sidewalk in the ordinary way, without knowledge of the existence of the trench, the question whether plaintiff was contributorily negligent was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Albany County.

Action by Adeline Wrigley against the City of Watervliet. From a judgment for plaintiff, and denial of new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Albert J. Danaher, of Watervliet, for appellant.

Eugene D. Flanigan, of Albany, for respondent.

WOODWARD, J. The plaintiff, a woman 64 years of age, went into one of the defendant's streets, called there by the fact that a horse had fallen into an excavation in the highway, and, while walking along near the middle of a sidewalk, she fell into the same excavation with the horse, and sustained serious injuries, for which the jury has awarded a verdict of $3,000. The accident happened about half past 9 in the evening, the night was dark, and, according to her witnesses, no proper lights or barriers had been erected to protect the excavation. The defendant appeals from the judgment, and from an order denying a motion for a new trial.

[1] The defendant insists that the plaintiff failed to establish notice to the defendant of the dangerous condition of the street at this point. The evidence was to the effect that some days prior to the accident a permit had been granted to persons residing upon First avenue to dig a trench leading from the house known as No. 318 across the highway. This trench was commenced on the morning of the 21st day of September, and it appears from the evidence that a portion of the sidewalk was left in place, the trench passing under the same, and it had reached a point extending several feet beyond the curb line and into the carriageway when work was suspended on the evening of September 22d at 6 o'clock. Just prior to the plaintiff's accident there was a commotion in the street. Her son remarked that there was a horse in "that hole," and ran out, followed by other members of the family. The plaintiff followed soon afterward, and was walking along the sidewalk in the direction of the noise, as she testifies, when she stepped into the trench and received the injuries here complained of.

The purpose of requiring a license or permit for opening a street is to enable the municipality to properly discharge its duty of maintaining the streets in a safe condition for use; it is for the purpose of enabling the city to know when its streets are opened, and thus to take the proper precautions to see that they are opened only when necessary, and that they are kept open only so long as the necessity continues, and that they are properly protected when so necessarily opened. It was clearly for the jury to determine whether the city, knowing of this permission to open the highway, had taken the proper steps to know that it was not left in a dangerous condition. It had it in its power, in granting the permission, to limit the time when the work might be done, and to require a bond to protect itself, and the case is differently presented than would be the case if the street had been ob-

structed only for a matter of 36 hours by some third person without the knowledge of the municipality. In other words, the highway being opened by permission of the municipality, it was much the same as though the municipality itself had opened the trench and left it without proper guarding, and the jury had a right to find that it had notice of the menace of the existing condition to those who were lawfully using the highway.

[2] But it is said that the plaintiff failed to establish freedom from contributory negligence. While it is true that the plaintiff does not testify that she went upon the sidewalk and exercised care in so doing, the evidence is that she knew nothing of the existence of this excavation, that it was a dark night, that at the time she was walking at or near the middle of the sidewalk, and that she came in contact with no barriers, but while walking along she stepped into this excavation. What more was she required to do under the circumstances? She had a right to be upon the street. She had a right to assume that the sidewalk was in place and that she could use it in the ordinary way. She was not bound to go feeling her way with a cane, to determine whether there had been a hole dug in the line of the sidewalk, and the suggestion that she knew of the excavation, because her son, in responding to the call for help, had said that a horse was in "that hole," is hardly worthy of serious consideration. What or where the hole was did not appear from anything which he is claimed to have said. There was no evidence that the plaintiff had any knowledge of any hole in the highway, and the fair inference would be, if it was known that a horse was in a hole in a highway, that it was a hole in the carriageway, and not one in the line of the sidewalk. We think the jury had a right to find that the plaintiff was in the exercise of the degree of care which the situation known to her demanded. She was not one approaching a scene of known danger. She was traversing a highway which she did not know had been disturbed, and her conduct is to be measured by the facts as known to her, or which she had a lawful right to assume existed in the absence of knowledge to the contrary.

We are of opinion that the conflict of evidence as to the defendant's negligence—as to the conditions which existed at the point of the accident—was such as to justify the jury in its conclusion that the place was negligently maintained with the knowledge of the defendant, and that the verdict for $3,000 is not so far excessive as to justify this court in interfering.

The judgment and order appealed from should be affirmed, with costs. All concur.